UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANTINE GUS CRISTO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION; FINANCIAL INDUSTRY REGULATORY AUTHORITY; JAY CLAYTON, in his official capacity as Chairman of the U.S. Securities and Exchange Commission; WILLIAM BARR, in his official capacity as United States Attorney General; ROBERT W. COOK, President and Chief Executive Officer of FINRA; SEC employees DOE 1-20; and FINRA employers DOE 1-20,<br><br>　　　　　　　　　　Defendants. | Case No.: 19cv1910-GPC(MDD)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Dkt. No. 2.]** |

Plaintiff Constantine Gus Cristo ("Plaintiff") filed a complaint for declaratory and injunctive relief challenging the constitutionality of the Securities and Exchange Commission's arbitration proceedings. (Dkt. No. 1.) Accompanying the complaint is Plaintiff's application to proceed in forma pauperis. (Dkt. No. 2.)

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

Plaintiff reports retirement income of $897.00/month, gifts of $100/month and has $500 in his bank account. (Dkt. No. 2.) However, he also has $1,046.02 in monthly living expenses. (*Id.* at 4-5.) Plaintiff further claims he has no real property, vehicles or other assets. (*Id.* at 2-3.) Therefore, based on his declaration indicating no surplus income, the Court GRANTS his application to proceed IFP. Accordingly, IT IS HEREBY ORDERED that,

1. The Clerk of Court is DIRECTED to issue a summons with respect to Plaintiff's Complaint, [Dkt. No. 1], upon Defendants. The Clerk should then provide Plaintiff with the summons. When sending the summons to Plaintiff, the Clerk of Court should include with the summons: (a) one new blank U.S. Marshal Form 285 for Defendants; (b) a letter instructing Plaintiff on how to complete this Form 285; (c) a certified copy of the Order granting Plaintiff's motion to proceed in forma pauperis; and (d) a certified copy of the Complaint, Dkt. No. 1. Together, the summons and additional documents are Plaintiff's "IFP Package."

2. Plaintiff is DIRECTED to complete the following actions to aid the U.S. Marshal in serving his Complaint:

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

a. First, upon receiving the IFP Package, Plaintiff must complete the IFP package, including the U.S. Marshal Form 285, as accurately as possible.

b. Second, Plaintiff must return the completed IFP package and Form 285 to the U.S. Marshal according to the instructions provided by the Clerk's letter.

c. Third, Plaintiff must include on the Form 285 an address where the U.S. Marshal can serve Defendants. *See* S.D. Cal. CivLR 4.1.c.

3. Plaintiff is FURTHER DIRECTED to complete the following actions for all of his future filings in this case:

a. Plaintiff must serve upon Defendants and their attorneys, if Defendants obtain an attorney, a copy of every pleading or document that Plaintiff files with the Court in this case.

b. For every future filing with the Court in his case, Plaintiff must include a certificate of service which states:

i. How he served a true and correct copy of that filing on Defendants, and

ii. The date when Defendants were served.

c. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

4. Upon receipt, the U.S. Marshal is ORDERED to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on his completed U.S. Marshal Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

IT IS SO ORDERED.

Dated: December 27, 2019

Hon. Gonzalo P. Curiel
United States District Judge