1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

CONSTANTINE GUS CRISTO,

Plaintiff,

12
13

v.

14
15
16
17
18
19
20
21
22

U.S. SECURITIES AND EXCHANGE
COMMISSION; FINANCIAL
INDUSTRY REGULATORY
AUTHORITY; JAY CLAYTON, in his
official capacity as Chairman of the U.S.
Securities and Exchange Commission;
WILLIAM BARR, in his official capacity
as United States Attorney General;
ROBERT W. COOK, President and Chief
Executive Officer of FINRA; SEC
employees DOE 1-20; and FINRA
employers DOE 1-20,

Defendants.

Case No.:  19cv1910-GPC(MDD)

**ORDER DENYING DEFENDANTS SEC, CLAYTON AND BARR'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND DENYING PLAINTIFF'S MOTION TO STRIKE**

**[Dkt. Nos. 16, 24.]**

23
24
25
26
27
28

Before the Court is Defendant U.S. Securities and Exchange Commission ("SEC"), Jay Clayton ("Mr. Clayton"), in his official capacity as Chairman of the SEC, and William Barr's ("Mr. Barr"), in his official capacity as the United States Attorney General, (collectively "Defendants") motion to dismiss for insufficient service of process

1

1    under Federal Rule of Civil Procedure 12(b)(5).  (Dkt. No. 16.)  Plaintiff filed an

2    opposition and also a motion to strike Defendants' motion to dismiss.[1]  (Dkt. Nos. 22,

3    24.)  Defendants filed a reply as well an opposition to Plaintiff's motion to strike.  (Dkt.

4    Nos. 27, 28.)  Based on the reasoning below, the Court DENIES Defendants' motion to

5    dismiss for insufficient service of process.

6                              **Procedural Background**

7         On October 2, 2019, Plaintiff Constantine Gus Cristo ("Plaintiff"), proceeding pro

8    se, filed a Complaint against the U.S. Securities and Exchange Commission ("SEC"),

9    Financial Industry Regulatory Authority ("FINRA"), Jay Clayton ("Mr. Clayton"), in his

10   official capacity as Chairman of the SEC, William Barr ("Mr. Barr"), in his official

11   capacity as the United States Attorney General, and Robert W. Cook, in his official

12   capacity as President and Chief Executive Officer of FINRA.  (Dkt. No. 1.)  In this

13   complaint, Plaintiff alleges improper investigation of his Investor Complaint by FINRA,

14   improper SEC review of FINRA's investigation as well as inconsistent

15   statements/advisements by FINRA and the SEC concerning his attempts to obtain a

16   ruling of ineligibility for arbitration and seeking to return the arbitrable issues back to this

17   Court even though the Court compelled Plaintiff's claims to arbitration in his prior

18   related complaint with this Court in case no. 17cv1843-GPC(MDD).

19        Along with the Complaint, Plaintiff filed a motion to proceed in forma pauperis

20   ("IFP").  (Dkt. No. 1.)  On December 27, 2019, the Court granted Plaintiff's motion to

21   proceed in forma pauperis and directed the U.S. Marshal "to serve a copy of the

22   Complaint and summons upon Defendants as directed by Plaintiff on his completed U.S.

23   Marshal Form 285."  (Dkt. No. 6 at 3.)  On February 13, 2020, the U.S. Marshall filed

24   "Process Receipt and Return" on Defendants.  (Dkt. Nos. 9-13.)  The Process Receipt and

25   Return show that SEC and Mr. Clayton were served on January 15, 2020 and Mr. Barr

26

27   _____

28   [1] The arguments in the opposition and motion to strike are nearly identical to each other.

                                          2

1  was served on January 21, 2020.  (Dkt. Nos. 11-13.)  On April 7, 2020, Defendants SEC,

2  Mr. Barr, and Mr. Clayton filed a notice of defective service.  (Dkt. No. 15.)  On April 8,

3  2020, they filed the instant motion to dismiss for insufficient service of process which is

4  fully briefed.  (Dkt. Nos. 16, 22, 27.)  In conjunction with his opposition, Plaintiff also

5  filed a motion to strike the motion to dismiss with essentially the same arguments raised

6  in his opposition which is also fully briefed.  (Dkt. Nos. 24, 28.)

7                                                    **Discussion**

8  **A        Federal Rule of Civil Procedure 12(b)(5)**

9          Federal Rule of Civil Procedure ("Rule") 12(b)(5) allows a defendant to move to

10  dismiss due to insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  "A federal court

11  is without personal jurisdiction over a defendant unless the defendant has been served in

12  accordance with Rule 4."  *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citing

13  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).

14          Rule 4(i) governs service of process on the United States, its agencies, officers and

15  employees.  It provides that a party must serve the agency or officer as well as the U.S.

16  attorney for the district where the action is brought and the Attorney General of the

17  United States at Washington, D.C.[2]  Fed. R. Civ. P. 4(i).  "Rule 4 is a flexible rule that

18

19  _____

20          [2] (1) United States.  To serve the United States, a party must:

21          (A)(i) deliver a copy of the summons and of the complaint to the United States attorney
           for the district where the action is brought--or to an assistant United States attorney or

22          clerical employee whom the United States attorney designates in a writing filed with the
           court clerk—or

23

24          (ii) send a copy of each by registered or certified mail to the civil-process clerk at the
           United States attorney's office;

25

26          (B) send a copy of each by registered or certified mail to the Attorney General of the
           United States at Washington, D.C.; . . .

27          (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a
           United States agency or corporation, or a United States officer or employee sued only in

28          an official capacity, a party must serve the United States and also send a copy of the

                                                            3

1   should be liberally construed so long as a party receives sufficient notice of the

2   complaint." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quoting *Benny*,

3   799 F.2d at 492).  However, "[n]either actual notice, nor simply naming the person in the

4   caption of the complaint, will subject defendants to personal jurisdiction if service was

5   not made in substantial compliance with Rule 4." *Jackson*, 682 F.2d at 1347 (internal

6   citations omitted).

7       In *Borzeka*, the Ninth Circuit, addressing the predecessor to Rule 4(i), held that

8   Rule 4 requirements may be excused if "(a) the party that had to be served personally

9   received actual notice, (b) the defendant would suffer no prejudice from the defect in

10  service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the

11  plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v.*

12  *Heckler*, 739 F.2d 444, 448 (9th Cir. 1984).

13  **B.    Analysis**

14      Defendants argue that service was improper because a copy of the summons and

15  complaint was never served on the United States in compliance with Rule 4(i). Plaintiff

16  did not serve the Attorney General on behalf of the SEC or its Chairman and did not

17  serve the U.S. Attorney's Office.

18      In response, Plaintiff does not dispute that he did not serve the Attorney General on

19  behalf of the SEC or its Chairman and did not serve the U.S. Attorney's Office but argues

20  that his failure to timely serve is supported by good cause.  (Dkt. No. 22 at 8.)  He argues

21  that once he was granted IFP status, the responsibility of service fell onto the U.S.

22  Marshal.  (*Id.* at 9 ("The U.S. Marshal is responsible for service when the Court grants a

23  plaintiff's motion to proceed in forma pauperis.").  Plaintiff fulfilled his responsibility as

24  ordered by the Court by completing the IFP Package and returning it to the U.S. Marshal.

25

26

27      summons and of the complaint by registered or certified mail to the agency, corporation,
        officer, or employee.

28  Fed. R. Civ. P. 4(i).

19cv1910-GPC(MDD)

1    Plaintiff's argument is misplaced.  While Rule 4(c) provides that a court may order

2    the United States Marshal to effect service under the IFP statute, Fed. R. Civ. P. 4(c)(3),

3    Rule 4(c) also provides that the "plaintiff is responsible for having the summons and

4    complaint served within the time allowed by Rule 4(m) and must furnish the necessary

5    copies to the person who makes service."  Fed. R. Civ. P. 4(c)(1).  It is Plaintiff's

6    responsibility to provide all the information necessary and the U.S. Marshal merely

7    serves according to the information provided by the plaintiff.  *See McIntyre v. NaphCare,*

8    *Inc.*, No. 16-CV-2107 JCM (BNW), 2016 WL 1243785, *1 (D. Nevada Mar. 16, 2020)

9    ("plaintiff's failure to complete service cannot be blamed on the USM. The record shows

10   that plaintiff failed to provide the USM with reliable information to serve. . .").

11   *Aguirre v. Monk*, No. C 09-763 MHP, 2011 WL 2149087, *14 (N.D. Cal. June 1, 2011)

12   ("Although the Court can and does have the U.S. Marshal serve process on defendants

13   routinely in in forma pauperis cases, it is the plaintiff's responsibility to provide a name

14   and address for each defendant to be served.").  Therefore, Plaintiff failed to strictly

15   comply with Rule 4(i) in serving Defendants.

16   However, under the *Borzeka* factors, the Court excuses Plaintiff from strict

17   compliance with Rule 4(i).  It is not disputed that Defendants have received actual notice

18   of the complaint and there is no indication that they would suffer any prejudice from the

19   defect in service.  The Court also concludes that there is a justifiable excuse for the

20   failure to serve properly.  Although legally unsupported, Plaintiff's strict construction of

21   the Court's order granting the U.S. Marshal authority over service is not unreasonable

22   and could constitute justifiable good cause.  *Borzeka*, 739 F.2d at 447 n.2 ("appellant was

23   proceeding pro se when the defective service was made. We are generally more solicitous

24   of the rights of pro se litigants, particularly when technical jurisdictional requirements are

25   involved."); *see also Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) ("We

26   recognize that the plaintiff represented himself and therefore, in evaluating his

27   compliance with the technical rules of civil procedure, we treat him with great leniency"

28   as to service of discovery).  Defendants' citation to cases holding that ignorance of Rule

1  4(i) does not constitute good cause is not persuasive because in those cases the plaintiff

2  was represented by counsel.  *See Townsel v. Cnty. of Contra Costa*, 820 F.2d 319, 320

3  (9th Cir. 1987); *see also Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992).

4  Finally, the plaintiff would be severely prejudiced if his complaint were dismissed on a

5  failure to comply with technical rule.  *See Kruska v. Perverted Justice Fdn.*

6  *Incorporated.org,* No. CV 08–0054–PHX–SMM, 2010 WL 3156089, at *3 (D. Az. Aug.

7  9, 2010) (plaintiff "would be severely prejudiced if her complaint was dismissed for a

8  mere technical noncompliance").

9          Accordingly, because the *Borzeka* factors have been met, the Court DENIES

10  Defendants' motion to dismiss.  As such, the Court also DENIES Plaintiff's motion to

11  strike Defendants' motion to dismiss.

## Conclusion

13          Accordingly, the Court DENIES Defendants' motion to dismiss for failure to

14  effectuate service of process and DENIES Plaintiff's motion to strike Defendants' motion

15  to dismiss.  The hearing set on May 29, 2020 shall be **vacated**.

16          IT IS SO ORDERED.

17  Dated:  May 26, 2020

18                                        Hon. Gonzalo P. Curiel
                                          United States District Judge
19

20

21

22

23

24

25

26

27

28

19cv1910-GPC(MDD)